United States District Court
Southern District of Ohio
Western Division

---

| | |
|---|---|
| Takia Watkins<br>c/o Laufman Napolitano, LLC<br>4310 Hunt Road<br>Cincinnati, Ohio 45242<br><br>   Plaintiff,<br> v.<br><br>Stephen Grace<br>P.O. Box 3423<br>Cincinnati, Ohio 45202<br><br>  and<br><br>2219 Kenton Street, LLC<br>P.O. Box 3423<br>Cincinnati, Ohio 45202<br>c/o Stephen Grace, statutory agent<br><br>   Defendants. | Case No. 22-cv-632<br><br>Complaint<br><br>(Jury Demand Endorsed Hereon) |

I.   Preliminary Statement

  1.  Takia Watkins is an African American woman who had the misfortune of renting an apartment for herself and her son from Defendants Stephen Grace and his corporation. Unbeknownst to Ms. Watkins at the time she rented, Mr. Grace would discriminate against her and text her vulgar racial slurs. Ms. Watkins's tenancy was unbearable and unlivable. Mr. Grace revealed his racial animus toward Ms. Watkins writing in a text message to her "You're the n***** that no one else wants to be around and ruins life for everyone else." In the same text message, Mr. Grace told Ms. Watkins, "Don't bother coming back. Just throw your keys away." Mr. Grace's

discriminatory treatment of Ms. Watkins ultimately resulted in her constructive eviction only four months into her lease. This action seeks to remedy this unlawful discrimination.

## II.     Jurisdiction

2.     This action is brought pursuant to Title VIII of the Civil Rights Act, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601-3619 (collectively, the "Fair Housing Act") as a result of the defendants' racially motivated unlawful discriminatory housing practices.

3.     This Court has jurisdiction over Ms. Watkins's Title VIII claims pursuant to 42 U.S.C. § 3613 as Ms. Watkins is an aggrieved person who may commence a civil action in this Court. Supplemental jurisdiction over Ms. Watkins's state law claim is also appropriate pursuant to 28 U.S.C. § 1367.

## III.     Parties

4.     Ms. Watkins is an African American woman who, during all relevant times, resided at 2219 Kenton Street, Cincinnati, Ohio 45206, in Hamilton County, Ohio.

5.     Defendant Stephen Grace ("Defendant Grace") is, upon information and belief, a resident of Hamilton County, Ohio who, during all relevant times, owned and/or managed the property located at 2219 Kenton Street where Ms. Watkins rented an apartment.

6.     Defendant 2219 Kenton Street, LLC, ("Defendant 2219") is, upon information and belief, an Ohio limited liability company that, during all relevant times, owned and made available for rent the property located at 2219 Kenton Street where Ms. Watkins rented an apartment.

IV. Facts

7. Ms. Watkins incorporates all preceding allegations as stated above and herein states further as follows:

8. Beginning in or around August 2021, Ms. Watkins leased an apartment from the defendants for herself and her minor son for the period of one year.

9. Ms. Watkins was subjected to racial discrimination which took on many forms and ultimately resulted in her constructive eviction only a few months into her tenancy.

10. Defendants discriminated against Ms. Watkins in the terms, conditions, or privileges of rental of a dwelling, and in the provision of services or facilities in connection therewith, because of her race. This discrimination included, *inter alia,* the following:

(a) On or about November 15, 2021, failing to timely repair the hot water to her apartment, instead telling her that she was a "difficult" tenant.

(b) On or about December 4, 2021, failing to timely repair her overflowing kitchen sink, instead communicating via text message, "Takia your (sic) just going to have to move."

(c) On or about December 12, 2021, failing to timely repair a broken window in the kitchen, instead nailing a wooden board over the window allowing the apartment to lose heat and become frigid in the winter cold.

11. Defendants also discriminated against Ms. Watkins because of her race by coercing, intimidating, threatening, and interfering with her enjoyment and use of her property. This discrimination included, *inter alia*, the following:

(a) Threatening Ms. Watkins with unwarranted eviction on multiple occasions and directing her to move out when she requested reasonable repairs in order that the premises become or remain habitable.

(b) Using a racial slur against her.

12. As a result of these discriminatory actions, Ms. Watkins was constructively evicted on New Year's Eve, December 31, 2021, only four months into her one-year lease.

13. On that same day, Defendant Grace confirmed in writing the discriminatory animus behind the Defendants' discriminatory treatment of Ms. Watkins. As depicted in the screenshot below, Defendant Grace wrote, "You're the n****r that no one else wants to be around and ruins life for everyone else. … Don't bother coming back. Just throw your keys away."



14. Defendant Grace immediately locked Ms. Watkins out of the premises on December 31st, preventing her from retrieving some of her personal property.

15. Ms. Watkins and her son were then forced to live with a relative for several months while she looked for a new residence.

V. First Cause – Fair Housing Act Discrimination (42 U.S.C. § 3604)

16. Ms. Watkins incorporates all preceding allegations as stated above and herein states further as follows:

17. The Defendants violated 42 U.S.C. § 3604 by discriminating against Ms. Watkins in the terms, conditions, or privileges of rental of her apartment, and in the provision of services and facilities in connection therewith, because of her race.

18. The Defendants interfered with Ms. Watkins's right to rent her apartment without discrimination based on her race and unlawfully terminated her tenancy because of her race.

19. The adverse housing actions taken against Ms. Watkins, including her constructive eviction, were motivated by her race, and interfered with her rights protected by Title VIII.

20. As a result of the Defendants' illegal actions and interference with Ms. Watkins's rights, she sustained economic damages, emotional distress, and irreparable harm.

VI. Second Cause – Fair Housing Act (42 U.S.C. § 3617)

21. Ms. Watkins incorporates all preceding allegations as stated above and herein states further as follows:

22. The Defendants violated 42 U.S.C. § 3617 by coercing, intimidating, threatening, and interfering with Ms. Watkins's enjoyment or use of her property and unlawfully interfering in the exercise of her rights protected by 42 U.S.C. § 3604 of the Fair Housing Act, because of race.

23. The Defendants subjected Ms. Watkins to discriminatory treatment, called her a "n****r," and retaliated against her, all motivated by her race.

24. The Defendants subjected Ms. Watkins to disparate treatment by intentionally delaying repairs and making the residence uninhabitable, all motivated by her race.

25. Ms. Watkins's race was also a motivating factor in the Defendants' decision to demand she vacate the premises and, thereby, terminate her tenancy.

26. The Defendants discriminated against Ms. Watkins because of her race in violation of the Fair Housing Act. This discrimination included disparate treatment, racial epithets, retaliation, and a termination of Ms. Watkins's tenancy, as discussed in preceding paragraphs.

27. Ms. Watkins sustained economic damages, emotional distress, and irreparable harm as a result of the Defendants' illegal actions.

VII. <u>Third Cause – Ohio Civil Rights Act (O.R.C. § 4112.02(H))</u>

28. Ms. Watkins incorporates all preceding allegations as stated above and herein states further as follows:

29. Defendants denied housing to Ms. Watkins, or otherwise made housing accommodations unavailable to her, because of her race in the manner described in the preceding paragraphs of this complaint.

30. Defendants failed to make repairs, threatened Ms. Watkins with eviction, used a racial slur against her, and constructively evicted her because of her race in violation of O.R.C. § 4112.02(H).

31. As a result of the Defendants' illegal actions and interference with Ms. Watkins's rights, she sustained economic damage, emotional distress, and irreparable harm.

VIII. Prayer for Relief

WHEREFORE, Plaintiff, Takia Watkins, prays and demands that this Court:

a. Award her compensatory and special damages;

b. Award her punitive damages;

c. Award her reasonable attorney's fees and costs;

d. Grant her such additional relief as the Court deems just and proper.

Respectfully submitted,

_____
Gregory A. Napolitano (0068671)
Paul M. Laufman (0066667)
*Laufman Napolitano, LLC*
4310 Hunt Road
Cincinnati, Ohio 45242
(513) 621-4556
gnapolitano@LN-lawfirm.com
plaufman@LN-lawfirm.com

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues triable by a jury.

_____
Gregory A. Napolitano (0068671)